UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Edwin A. Elhers,

                    Petitioner,                          Court File No. 18-cv-1814 (ECT/LIB)

        v.
                                                         **REPORT AND RECOMMENDATION**

Patricia W. Smoot, et al.,

                    Respondents.

        This matter came before the undersigned United States Magistrate Judge pursuant to a

referral for report and recommendation in accordance with the provisions of 28 U.S.C. § 636 and

Local Rule 72.1, as well as, upon Petitioner Edwin A. Elhers' (hereinafter "Petitioner") Petition

for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. [Docket No. 1].

        For the reasons set forth below, the Court recommends that the Petition for Writ of

Habeas Corpus, [Docket No. 1], be **DENIED without prejudice**.

## I.        BACKGROUND

        On August 21, 2007, Petitioner—then a member of the United States Marine Corps—was

convicted of sodomy with a child under the age of twelve years of age, assault consummated by

a battery upon a child under the age of sixteen years of age, and indecent liberties with a child

under the age of sixteen years of age. (General Court Martial Order, [Docket No. 11-1], at 1–3).

As a result of that conviction, Petitioner was dishonorably discharged, sentenced to a period of

confinement of nineteen years, reduced in pay grade to E-1, and required to forfeit all pay and allowances. (Id. at 3).[1]

Petitioner's period of confinement began at Camp Pendleton, California; however, he was later transferred to the United States Bureau of Prisons' Federal Correctional Institution in Sandstone, Minnesota. (See, Exhibit C [Docket No. 11-1]). At the time he filed the present Petition, Petitioner was residing at a Residential Reentry Center (hereinafter "RRC") in Minneapolis, Minnesota. (Petition [Docket No. 1]).

On December 1, 2017, the United States Parole Commission, issued a Notice of Action ordering that when Petitioner was released to parole he would be subject to the mandatory Special Sex Offender Aftercare Condition for the "mandatory supervision term that will expire on" August 20, 2026. (Exhibit C [Docket No. 11-1]). That Notice of Action further informed Petitioner that the Special Sex Offender Aftercare Condition required him to participate in a mental health program. (Id.). As part of that program, Petitioner was "expected to acknowledge [his] need for treatment . . . ." (Id.).

On January 10, 2018, the United States Parole Commission issued a second Notice of Action ordering that Petitioner reside at a Residential Reentry Center for no more than 120 days. (Exhibit D [Docket No. 11-1]). The Notice of Action indicated that the Commission had reached its decision based on a request from Petitioner's case manager after Petitioner was unable to secure a release plan satisfactory to the case manager. (Id.).[2] On February 6, 2018, Petitioner appealed this January 10, 2018, decision. (Exhibit F [Docket No. 11-1]).

---

[1] Petitioner appealed his conviction; however, on June 30, 2009, that appeal was ultimately denied. (Exhibit M [Docket No. 11-1]). Nevertheless, Petitioner continues to maintain his innocence.
[2] Petitioner had planned on living with his wife and their two children; however, Petitioner's case manager found this arrangement unsatisfactory.

On February 6, 2018, the Commission issued a third Notice of Action imposing upon Petitioner an additional special condition which prohibited Petitioner from "any contact with any child under age 18, including [Petitioner's] own children or step-children, except with the prior written approval of [his] Probation Officer." (Exhibit E [Docket No. 11-1]). On February 22, 2018, Petitioner appealed this third Notice of Action. (Exhibit G [Docket No. 11-1]).

On February 22, 2018, the National Board of Appeals denied both of Petitioner's appeals, and it affirmed the January 10, 2018, Notice of Action, as well as, the February 6, 2018, Notice of Action. (Exhibit H [Docket No. 11-1]).

On June 29, 2018, Petitioner filed the present Petition. (Petition [Docket No.1]).[3] In his Petition, Petitioner asserts two grounds for relief. (See, Id.). First, Petitioner avers that "[t]he use of sweeping conditions, without individualized assessment, to deny" him "parental rights creates a greater deprivation of his liberty than reasonably necessary" and "[t]he de facto termination of" Petitioner's "parental rights, without due process, violated his First, Fifth, and Eight[h] Amendment Rights." (Pet.'s Mem., [Docket No. 2], at 22–26). Next, Petitioner asserts that "[s]ubjecting [him] to Aftercare treatment conditions with an 'Acknowledgment' Requirement, in light of his continuing innocence claims, is unconstitutional compulsion amounting to a violation of" Petitioner's "Fifth and Sixth Amendment rights." (Id. at 26–27). Petitioner specifically points out that he is not challenging his conviction in this Court. (Petition [Docket No. 1]).

---

[3] In addition to continuing to attest his innocence, Petitioner claims that at the time he filed his Petition, his "military conviction is pending a grant of review in the Court of Appeals for the Armed Forces." (Pet.'s Mem., [Docket No. 2], at 21). Petitioner avers that based on his petition to the Armed Forces' Court of Appeals, the Department of Defense and the Inspector General's Office initiated an investigation into his underlying case. (Id.). Petitioner contends that the investigation is looking into the truthfulness of the agents who testified in Petitioner's underlying trial. (Pet.'s Reply [Docket No. 14]).

Upon Order of this Court, [Docket No. 4], Respondents filed a Response to the Petition on August 22, 2018, in which Respondents argue that this Court lacks subject matter jurisdiction over Petitioner's claims. (Response [Docket No. 10]). Alternatively, Respondent argues that Petitioner's challenge to his condition of release requiring him to acknowledge his need for treatment is not ripe for review, and Respondents further argue that the Petition should be denied on the merits because Petitioner is not entitled to review of his conditions of release. (Id.).

On September 19, 2018, Petitioner filed his Reply. [Docket No. 14]. In his Reply, Petitioner, acknowledging that the claim was not ripe for review, withdrew the portion of his Petition challenging the requirement that he acknowledge his need for sex offender treatment. (Pet.'s Reply, [Docket No. 14], at 1). Petitioner asserted that he continued to challenge "the special release condition[] imposed by the U.S. Parole Commission that restricts contact with his BIOLOGICAL children . . . ." (Id.). Petitioner again specifically noted that he "is not arguing his wrongful conviction in this Court since its being argued in CAAF court where his wrongful conviction can be vacated." (Id. at 2).

## II.   Petitioner for Writ of Habeas Corpus. [Docket No. 1].

As already noted, Petitioner originally asserted two grounds for relief: (1) that "[t]he use of sweeping conditions, without individualized assessment, to deny" him "parental rights creates a greater deprivation of his liberty than reasonably necessary" and "[t]he de facto termination of" Petitioner's "parental rights, without due process, violated his First, Fifth, and Eight[h] Amendment Rights" and (2) that "[s]ubjecting [him] to Aftercare treatment conditions with an 'Acknowledgment' Requirement, in light of his continuing innocence claims, is unconstitutional compulsion amounting to a violation of" Petitioner's "Fifth and Sixth Amendment rights." (Pet.'s Mem. [Docket No. 2]). Petitioner, however, has now withdrawn the later portion of his

Petition regarding the special condition that he acknowledge his need for treatment. (Pet.'s Reply [Docket No. 14]).

Accordingly, the Court considers the Petition for a Writ of Habeas Corpus as amended to only challenge "[t]he use of sweeping conditions, without individualized assessment, to deny" him "parental rights" which he argues "creates a greater deprivation of his liberty than reasonably necessary" and "[t]he de facto termination of" Petitioner's "parental rights, without due process, violated his First, Fifth, and Eight[h] Amendment Rights."

A habeas petitioner under § 2241 can only challenge the fact or duration of confinement. See, e.g., Heck v. Humphrey, 512 U.S. 477, 481 (1994); Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996). Challenges to the conditions of confinement cannot be addressed in a habeas proceeding. Mendez v. United States, No. 12-cv-28 (ADM/FLN), 2012 WL 1110138, at *2–3 (D. Minn. Jan. 24, 2012) report and recommendation adopted by 2012 WL 1110125 (Apr. 3, 2012). "If the prisoner is not challenging the validity of his conviction or the length of his detention, such as loss of good time, then a writ of habeas corpus is not the proper remedy." Kruger, 77 F.3d at 1073. "Where petitioner seeks a writ of habeas corpus and fails to attack the validity of his sentence or the length of his [] custody, the district court lacks the power or subject matter jurisdiction to issue a writ." Id. In short, challenges to the conditions of confinement, as opposed to the length or legality of detention, are not cognizable claims in habeas petitions in the Eighth Circuit. Spencer v. Haynes, 774 F.3d 467, 469–70 (8th Cir. 2014).

In the present case, Petitioner has not expressly alleged that he is challenging the fact or duration of his confinement. Instead, Petitioner challenges "[t]he use of sweeping conditions, without individualized assessment, to deny" him "parental rights" which he argues "creates a greater deprivation of his liberty than reasonably necessary" and he further argues "[t]he de facto

termination of" Petitioner's "parental rights, without due process, violated his First, Fifth, and Eight[h] Amendment Rights." (See, Pet. Mem. [Docket No. 2]). In his Reply, Petitioner characterized his Petition as "asking this court to decide whether the USPO's 'special' stipulations with regard to his parental rights to see his children is valid . . . ." (Pet.'s Reply [Docket No. 14]). As relief from this alleged constitutional violation, Petitioner seeks an Order of this Court "strik[ing] the zero contact with minors MSR Parole condition issued 06-FEB-18." It is evident to the Court that Petitioner is seeking an Order that would merely modify the conditions imposed upon him, and thereby improve the conditions of his parole. In fact, Petitioner specifically asserts that he is not challenging his conviction in this Court.

The current Petition does not present any challenge to the validity of Petitioner's conviction or the length of his detention; rather, Petitioner challenges a condition imposed upon his parole. (See, Petition [Docket No. 1]). Such a challenge is directed at a condition of and not the initial conviction leading to nor the length of Petitioner's continued confinement. See, Shannon v. Roy, No. 11-cv-3262 (JRT/FLN), 2012 WL 3779145, at *3 (D. Minn. Aug. 15, 2012); Hatten v. Rios, 9-cv-454 (JRT/SRN), 2009 WL 924535 (D. Minn. Mar. 31, 2009). A Writ of Habeas Corpus is not the proper remedy for such a claim. See, e.g., Preiser v. Rodriguez, 411 U.S. 475, 489–90, 493 (1973); Spencer v. Haynes, 774 F.3d 467, 469–70 (8th Cir. 2014). Instead, such a claim must be raised in a separate civil proceeding. Spencer, 774 F.3d at 470; Ferch v. Jett, No. 14-cv-1961 (SRN/TNL), 2015 WL 251766, at *4 (D. Minn. Jan. 20, 2015) (citing Spencer and noting that "[t]he proper remedy for challenges to conditions of confinement is for the confined person to bring a claim . . . pursuant to Biven v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), if the alleged violators are federal actors).

In <u>Spencer</u>, a pro se federal prisoner attempted to use a § 2255 petition as a mean to raise an Eighth Amendment challenge to his conditions of confinement. <u>Spencer</u>, 774 F.3d at 469–70. The district court considering the petition dismissed it without prejudice reasoning that it was an improper means to raise a challenge to the conditions of confinement. <u>See</u>, <u>Id.</u> While the Eighth Circuit Court of Appeals agreed that a habeas petition was an improper vehicle to raise such a claim, the Eighth Circuit held that, in light of the liberal treatment afforded to pro se habeas petitions, the district court had erred in dismissing a habeas petition when it should have liberally construed the petition and "recharacterized[d the petitioner's] claim into the correct procedural vehicle for the claim asserted." <u>Id.</u> at 471.

The Eighth Circuit in <u>Spencer</u>, however, further cautioned future courts that instead of automatically converting such petitions to the proper civil rights vehicle sua sponte, district courts should "first obtain the consent of the pro se individual before converting their claims." <u>Id.</u> Such caution is warranted because there may be some detriment to a petitioner in having a habeas petition automatically converted to a civil rights case which may then be subject to the requirements of the Prison Litigation Reform Act, the payment of filing fees, or various other requirements.

In light of <u>Spencer</u> and the Eighth Circuit's recommendation to the lower courts, the Courts of this District—when faced with a habeas petition containing a challenge to a condition of confinement—have dismissed the offending habeas petition without prejudice, <u>and</u> permitted the petitioner a reasonable time to file a civil rights complaint. <u>See, e.g.</u>, Dorsey v. Wilson, No. 14-cv-4803 (SRN/SER), 2015 WL 3948604, at *5 (D. Minn. June 11, 2015); <u>Ferch</u>, 2015 WL 251766, at *4. The undersigned finds this course of action to be the most judicious.

Thus, the undersigned recommends that Petitioner be provided an opportunity to file an amended pleading, styled as a civil rights complaint, identifying any such claims and parties within thirty (30) days of any Order adopting the present Report and Recommendation. If the Petitioner fails to take such action within thirty days of any Order adopting this Report and Recommendation, then it is recommended that the present case be dismissed without prejudice.[4]

## III.   CONCLUSION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. Petitioner be permitted to file an amended pleading, styled as a civil rights complaint, within thirty days of any Order adopting this Report and Recommendation; and

2. If Petitioner fails to file said amended pleading in the time permitted, the Court recommends the Petition for Writ of Habeas Corpus, [Docket No. 1], be **DENIED without prejudice**.

Dated: January 22, 2019                                         _s/ Leo I. Brisbois_____
                                                                                    The Honorable Leo I. Brisbois
                                                                                    United States Magistrate Judge

---

[4] The Court notes that a filing fee is required to initiate a civil rights action; however, Petitioner may apply for in forma pauperis status if he chooses to file an amended pleading. Moreover, if Petitioner decides to pursue the civil rights complaint, his complaint must clearly identify the person or persons he is attempting to sue, and it must set forth the factual and legal bases for his claim in the manner prescribed by Federal Rules of Civil Procedure 8, 9, 10, and 11.

# **N O T I C E**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "A party may file and serve specific written objections to a magistrate judge's proposed findings and recommendation within 14 days after being served with a copy of the recommended disposition[.]" A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).